# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:22-cr-329-WFJ-AEP

NORGEN TOLEDO MANRIQUE
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Norgen Toledo Manrique, USM#: 07668-506, moves, *pro se*, (Dkt. 233) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On February 17, 2023, Norgen Toledo Manrique was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(G), to 30 months. Mr. Toledo Manrique's total offense level was 25. He was assessed no criminal history points, and his criminal history was category I. Mr. Toledo Manrique's advisory sentencing range was 57-71 months, and he received a significant downward variance. The Bureau of Prisons reports that he is no longer in BOP custody as of October 18, 2024.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is

2

eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Toledo Manrique's term of imprisonment to less than the minimum of the amended guideline range of 46 to 57 months. Mr. Toledo Manrique previously received a 30-month prison term.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 267.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Norgen Toledo Manrique because he "was sentenced to the lowest permissible sentence." *Id*.  The Court already granted a downward variance, and  no substantial assistance motion was filed.  *See* USSG §1B1.10(b)(2)(B) (permitting consideration of whether a comparable reduction for substantial assistance might be appropriate).  The downward variance was based on the level of poverty the Defendant experienced in Venezuela and the societal change of view regarding marijuana.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not

reduce the 30-month sentence. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Norgen Toledo Manrique's *pro se* motion (Dkt. 233) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on March 25, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**